**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KATHRYN N.,[1]

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

Civil No. 25-2379 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Clifford M. Farrell, **MANRING & FARRELL**, 5810 Shier Rings Road, Front, Dublin, OH 43016; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Daniel Rosen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Dennis Golden and James D. Sides, **SOCIAL SECURITY ADMINISTRATION**, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

The Commissioner of Social Security denied Plaintiff Kathryn N.'s application for disability insurance benefits and supplemental security income. On appeal, Plaintiff argues the Administrative Law Judge (ALJ) failed to adequately consider the supportability of her treating physician's opinion. United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") on May 20, 2026, recommending that the Court

[1] The District of Minnesota has adopted the policy of using only the first name and last initial of nongovernmental parties in Social Security cases. The Court therefore refers to the Plaintiff in this Order using only her first name and last initial.

deny Plaintiff's request for relief and affirm the Commissioner's denial of benefits. (Docket No. 19.) Plaintiff timely objected to the R&R.

After de novo review, the Court will overrule Plaintiff's objections, adopt the R&R, and affirm the Commissioner's denial of benefits because it concludes that the ALJ considered whether the medical opinion at issue was supported by objective medical evidence and that the ALJ adequately explained her decision.

**BACKGROUND**

The Court will first summarize the relevant statutory and regulatory framework, and then the Court will briefly detail the relevant factual and procedural background before providing its analysis.

**I. STATUTORY AND REGULATORY FRAMEWORK**

To receive Social Security Disability benefits, an applicant must be "disabled," as defined by the Social Security Act (the "SSA"). An individual is "disabled" under the SSA if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Under the SSA, the Social Security Administration follows a five-step sequential analysis to determine whether a claimant is disabled, considering: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or is equivalent to a listed impairment; (4) whether the claimant has sufficient

residual functional capacity to return to her past work; and (5) whether the claimant can do other work existing in significant numbers in the regional or national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), 404.1560(c).

Before proceeding to step four, the ALJ must assess the claimant's residual functional capacity. 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). "A residual functional capacity assessment determines what claimants would be capable of doing despite their physical and mental limitations." *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)). Assessing a claimant's residual functional capacity is a "medical question," and requires the ALJ to evaluate "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger*, 390 F.3d at 591.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on January 27, 2022, alleging that she had been disabled since December 24, 2019, when she was 42 years old. (Soc. Sec. Administrative R. ("Admin. R.") at 30, 39, August 5, 2025, Docket No. 8.) Plaintiff alleges disability due to arthritis in her knees and feet, bulging discs, bursitis, tendinitis, plantar fasciitis, shoulder issues, elbow issues, and rheumatoid arthritis. (*Id.* 68–69.) Plaintiff has a high school education and past work experience as a machinist, an asphalt flagger, a beet laborer, and a seasonal laborer. (*Id.* at 39, 221–22.)

After her claims were denied initially (*id.* at 113–115) and on reconsideration (*id.* at 125-135), Plaintiff requested a hearing before an ALJ (*see id.* at 30). Following the hearing, the ALJ issued a decision in December 2022 finding Plaintiff not disabled. (*Id.* at 30–41.) The Appeals Council denied Plaintiff's request for review. (*Id.* at 1–3.) She then sought review in federal court. *Kathryn R.N. v. O'Malley*, Civ. No. 23-3892 (D. Minn. Dec. 27, 2023). After a joint stipulation to remand, the December 2022 ALJ decision was vacated, and the matter was remanded to the Commissioner, pursuant to sentence 4 of 42 U.S.C. § 405(g). (Admin R. at 2076.) The Appeals Council then vacated the prior decision of the Commissioner and remanded the case to an ALJ to conduct a "proper evaluation of the opinion from Aaron Burkhart, M.D." including "a supportability analysis." (*Id.* at 2086.) After a second hearing on February 27, 2025 (*id.* at 2012–51), a different ALJ issued another unfavorable decision, likewise finding that Plaintiff was not disabled (*id.* at 1988–2004). That determination is the focus of this appeal.

In determining whether Plaintiff is disabled and entitled to benefits, the ALJ followed the five-step analysis codified at 20 C.F.R. § 404.1520(a) and determined that Plaintiff was not disabled. First, the ALJ determined that Plaintiff has not engaged in substantial gainful activity at any time relevant to this decision. (*Id.* at 1991.) In steps two and three, the ALJ found that Plaintiff suffered from a multitude of "severe" impairments—specifically, obesity, rheumatoid arthritis, lumbar degenerative disc disease, disc bulging with stenosis, mild thoracic degenerative disc disease, osteoarthritis

of the right knee with Baker's cyst and history of a meniscus tear, myofascial pain syndrome, and mild degenerative joint disease of the left foot—but that none of these impairments meet or equal impairments listed in the regulations. (*Id.* at 1991–94.) In the fourth step, the ALJ determined that Plaintiff did not have past relevant work experience that would warrant consideration when deciding whether the claimant has sufficient residual functional capacity to return to her past work. (*Id.* at 2003.) Finally, in the fifth step, the ALJ determined that Plaintiff had a sufficient residual functional capacity to perform other jobs that exist in significant numbers in the national economy, including work as a sorter, inspector, or assembler. (*Id.*) Accordingly, the ALJ found that Plaintiff was not disabled, concluding that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" and a "finding of 'not disabled' is therefore appropriate[.]" (*Id.* at 2003–04.)

When considering a claimant's residual functional capacity, the ALJ must consider all medical opinions and prior administrative medical findings to determine their persuasiveness. 20 C.F.R. § 404.1520c(a). When evaluating the Plaintiff's residual functional capacity, the ALJ summarized and then analyzed the persuasiveness of the opinion of Dr. Aaron Burkhart but concluded that his "opinion [is] unpersuasive as it is inconsistent with the overall medical evidence of record." (Admin. R. at 2002.)

## DISCUSSION

### I. STANDARDS OF REVIEW

After a magistrate judge issues an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, Civ. No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

When reviewing the Commissioner's decision, the Court neither reweighs the evidence nor reviews the factual record de novo. *Flynn v. Chafer*, 107 F.3d 617, 620 (8th Cir. 1997). Instead, the Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir. 1998). Substantial evidence exists if a reasonable mind would accept such evidence as adequate to support the Commissioner's conclusion. *Jackson v. Apfel*, 162 F.3d 533, 536 (8th Cir. 1998). As long as there is substantial evidence in the record supporting the Commissioner's conclusion, the

Court cannot reverse merely because it would have decided the case differently. *Roberts v. Apfel*, 222 F.3d 466, 468 (8th Cir. 2000).

## II. SUPPORTABILITY OF THE ALJ DECISION

In her Opening Brief, the Plaintiff argues that in the 2025 decision finding that she was not disabled, the ALJ made the "same mistake" as in the December 2022 decision because "[t]he ALJ failed to adequately consider the supportability factor when evaluating Dr. Burkhart's treating source opinions." (Pl.'s SSA Brief at 9, Oct. 28, 2025, Docket No. 15.) Following a thorough review of the medical evidence and testimony offered in this case, the Magistrate Judge disagreed with Plaintiff's arguments and recommended that the ALJ's decision be affirmed. (R&R at 8.) Specifically, the Magistrate Judge determined that the ALJ considered the supportability factor in weighing the persuasiveness of Dr. Burkhart's medical opinion. (*Id.* at 7.)

In her objections to the R&R, Plaintiff now contends that while the ALJ considered and evaluated the mandatory factor of supportability, the ALJ's evaluation of that factor was unsupported by substantial evidence. (Obj. at 2, June 3, 2026, Docket No. 20.) The Court will decline to address this argument as improper for the same two reasons previously identified by the Magistrate Judge.

**First**, Plaintiff failed to adequately plead a substantial evidence challenge in their briefing. (*See* R&R at 7; *see generally* SSA Brief. [2]) Because Plaintiff only briefed the issue of the ALJ's **consideration** of the supportability factor and not a substantial evidence challenge, the Magistrate Judge declined to engage in a substantial evidence analysis. (R&R at 7.) The Court similarly concludes it would be improper to engage in a substantial evidence analysis when Plaintiff expressly declined to bring a substantial evidence challenge.

**Second**, even if Plaintiff had brought a substantial evidence challenge, the review requested by the Plaintiff would be improper. The Court must "limit [its] review under the revised regulations to whether the ALJ adequately analyzed persuasiveness, including the supportability and consistency factors, not whether [it] agree[s] with the ALJ's evaluation of the record evidence on those issues." *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025). While the residual functional capacity finding is subject to the substantial evidence rule; its "ingredients," that is, the supportability and consistency factors, are not. *Id.* The Court has reviewed the ALJ's analysis and concludes that the ALJ adequately analyzed supportability and that the ALJ's evaluation of supportability and articulation of

[2] Plaintiff's briefing reads: "[i]t was found that the ALJ erred by not complying with 20 C.F.R. § 404.1520c because of the ALJ's failure to adequately consider the mandatory supportability factor. This time around, the ALJ committed the same mistake. The ALJ failed to adequately consider the supportability factor when evaluating Dr. Burkhart's treating source opinions. As such, this Court should once again reverse the ALJ's decision and remand [Plaintiff's] claim to the Commissioner for a new hearing." (Pl.'s SSA Brief at 9 (citations omitted).)

her consideration of Dr. Burkhart's opinion complies with 20 C.F.R. § 404.1520c. *See Cropper*, 136 F.4th at 814 ("[T]he ALJ's reasoning is clear enough to allow for appropriate judicial review." (citation and internal quotation marks omitted)). Therefore, it would be improper for the Court to assess whether the ALJ's supportability factor analysis is supported by substantial evidence.

**CONCLUSION**

In conclusion, the Court declines to engage in a substantial evidence analysis and will affirm the ALJ's decision because it concludes that (1) the ALJ considered the supportability factor in her residual functional capacity analysis, and (2) the supportability factor is not subject to a substantial evidence review.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections (Docket No. [20]) and **ADOPTS** the Magistrate Judge's Report and Recommendation dated May 20, 2026, (Docket No. [19]). Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to remand the Commissioner's decision (Docket No. [15]) is **DENIED**.
2. Defendant's request to affirm the Commissioner's decision (Docket No. [18]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 30, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge